## UNITED STATES *v.* BALTIMORE.

A mere permission by the commandant to settle on land in Florida, not followed by a grant or by other evidence of title under the Spanish government, will not sustain a claim in a suit in the District Court, brought under the eleventh section of the act of June 22, 1860, 12 Stat. 85.

APPEAL from the District Court of the United States for the District of Louisiana.

The facts are stated in the opinion of the court.

*The Solicitor-General* for the United States.
*Mr. Edward Janin, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

This is an appeal from a decree confirming as valid a claim of the cities of Baltimore and New Orleans to land in that part of the State of Louisiana which constituted the former Spanish province of West Florida.

The suit was brought under the eleventh section of the act of June 22, 1860, which we construed in *Scull* v. *United States, supra,* p. 410.

The foundation of the claim is a petition of Philip Robinson to the commandant Don Thomas Estevan, dated Jan. 20, 1804.

This petition recites that Robinson had, in the year 1797, by the permission of Estevan's predecessor, established himself on a tract of land, which he describes, and that he had unfortunately lost the permit by the burning of his house. Fearing

lest some intruder might encroach upon his rights, he begs a renewal of the order or permit.

The reply to this is as follows: —

"GALVESTON, Jan. 20, 1804.

"This party may remain in the possession of the land settled by him under the permit of my predecessor, and he will apply to the intendant-general for his formal title.

"THOMAS ESTEVAN."

No other title, grant, cession, survey, or order of survey was ever issued on this claim. It was a mere permit for possession and settlement, and no more. There was here no perfected title. There was no title at all, nor any thing which purported to give title. The title remained in the Spanish government until transferred to ours; and except the part which has been patented to others, it remains there now. There is nothing on which the claimant, under the eleventh section of the act, as we understand it, is entitled to recover in this suit.

If there is any just claim in this case, it belongs to the class of imperfect, incomplete, equitable rights over which Congress has reserved control, and which could only be confirmed in the mode pointed out before the commissioners under the act of 1860.

The decree of the District Court confirming the claim will be, therefore, reversed, with directions to dismiss the petition; and it is

*So ordered.*